EJECTMENT.

Case 67.

June 11.

Case stated.

# Snowden *vs* McKinney.

## ERROR TO THE ESTILL CIRCUIT.

*Ejectment. Notice to quit. Sales of land. Champerty.*

JUDGE SIMPSON delivered the opinion of the Court.

THIS is an action of ejectment, brought against the defendant in the execution, to recover the possession of land sold by the Sheriff.

The main question presented is, as to the necessity of notice to the defendant, to surrender the possession of the

land to the purchaser, previous to the commencement of his action.

The purchaser under an execution having received a deed from the Sheriff and obtained the legal title, has an immediate right of entry on the land. The defendant in the execution does not stand in the relation of tenant, or quasi tenant to the purchaser. It is only where possession has been taken, or at least retained by the consent of the owner of the land, that he has no right of entry, and that the person in possession is not regarded as a wrong doer until he has been notified to quit, or a demand has been made on him to restore the possession, which he has refused to comply with. Although the possession of the defendant in the execution is an amicable one, and consistent with the title of the purchaser, yet he is under a legal obligation, whenever the purchaser's title is perfected, to surrender to him the possession of the land, the right to which he has acquired by his purchase. And, therefore, the defendant in the execution is not entitled to notice to quit, nor is any demand of the possession by the purchaser requisite, before he brings his action.

*A purchaser of land under execution is entitled to immediate possession; the defendant in the execution is not a tenant or quasi tenant of the purchaser, and therefore is not entitled to notice to quit.*

It follows also, from this reasoning, that there is no weight in the objection made to the title of the lessor of the plaintiff, who is not the purchaser at the Sheriff's sale, but his vendee, that the deed to him is champertous and void. It does not result as a consequence, that because the possession of land is of such a character as not to require notice to quit, that therefore it must be deemed adverse. It has been held by this Court in the case of *Griffin, &c.* vs *Dicken,* (4 *Dana,* 561,) that when the vendor of land remained in possession after he had made a sale and conveyance, a deed made by the purchaser passed the title to his vendee, and was not champertous, because the possession so held should be deemed consistent with the title, and not hostile to it. The defendant in execution remaining in the possession of land after a sale and conveyance by the Sheriff, must be regarded, particularly (as is the case here,) in the absence of all testimony manifesting the actual character of his possession, as holding in the same way, and a sale and con-

*The vendee of a purchaser of land sold by a Sheriff under execution, is entitled to all the rights of his vendor, and the same remedies to obtain the possession, his purchase is not within the laws against champerty.*

veyance by the purchaser as passing the title to the vendee.

The Circuit Judge did not, as is assumed by the assignment of error on that point, instruct the jury that the evidence entitled the plaintiff to a verdict. In passing on the motion of the defendant to instruct, as in case of a non-suit, he decided that the evidence entitled the plaintiff to a verdict, and overruled the defendant's motion. As the evidence before the jury clearly authorized a verdict for the plaintiff, there was nothing wrong in this decision, although had it been given to the jury as an instruction, it should not have been given absolutely, but hypothetically, on their belief of the evidence.

The demise is laid in the plaintiff's declaration, as having been made on the blank day of blank, 1844. The deed to the lessor of the plaintiff was executed on the 20th day of March, 1844, and it is contended that inasmuch as the plaintiff failed to fill up the blank with a date subsequent to the time when he acquired his title, that a construction which is least favorable to him, should be given to the declaration; and such as would show that he had no title at the date of the demise. To give it such a construction would be entirely arbitrary, and tend to defeat, instead of promoting the ends of justice. Having shown the commencement of his title, if the date of the demise is to be fixed by construction, that would be most reasonable which should fix it at a period when the title would have authorized it to have been made. Such a construction would also have the additional recommendation of aiding in the support of a claim fully sustained by the evidence adduced on the trial.

Wherefore, the judgment of the Circuit Court is affirmed.

*Turner* for plaintiff; *Caperton and Owsley* for defendant.