### G. F. SCHROETER v. C. S. BOWDON.

#### Decided January 6, 1909.

**Pleading—Want of Consideration—Fraud—Payment.**

Plaintiff, retiring from a mercantile company, leased to defendant for one year his half interest in the premises occupied by the concern and also the use of his interest of $500 in the firm. In a suit to recover the amount so loaned a demurrer was improperly sustained to pleas representing the defenses following:

(1) Want of consideration in that plaintiff had no interest in the firm.

(2) Fraud in that defendant was induced hastily to sign the contract upon representation that it was merely a lease of the premises.

(3) Payment in merchandise accepted by plaintiff in satisfaction for his interest. Though some items bore date prior to the written lease (which was the ground of the exception) this did not subject the plea to demurrer as a whole; and in the absence of special exception the plea might be construed as showing an agreement to offset a former debt by plaintiff against the claim sued on.

Appeal from the County Court of Runnels County. Tried below before C. E. Dubois, Esq., Special Judge.

*Dickinson & Crosson* and *R. B. Truly,* for appellant.

*Jno. I. Guion* and *M. C. Smith,* for appellee.

KEY, ASSOCIATE JUSTICE.—C. S. Bowdon brought this suit against G. F. Schroeter upon a written contract, seeking to recover $500 and interest. The material part of the contract reads as follows:

"The said Bowdon hereby rents and leases to the said Schroeter for the period of one year from this date his (Bowdon's) one-half undivided interest in and to the lower story of the two-story stone building situated on lot No. 15, in block No. 9, in the city of Ballinger, as shown by the map of the plan of said town made by Thos. King, engineer, and now on file in the office of the county clerk of said county.

"Said building being the same now occupied by the Ballinger Grain & Commission Company, and the said Bowdon also agrees to allow the said Schroeter the use for said year of five hundred dollars ($500), which the said Bowdon now has in said firm of Ballinger Grain & Commission Company. The said Bowdon having this day withdrawn from said firm and said five hundred dollar interest, which he has heretofore had in said business, now becomes a loan of $500 to said Schroeter, repayable at the expiration of said year.

."In consideration of the use of said Bowdon's one-half undivided interest in said building and of his five hundred dollars for the period of one year as aforesaid the said Schroeter hereby agrees and obligates

himself to pay the said Bowdon the sum of twenty dollars per· month payable monthly in advance on the 21st day of each month, first payment to be made today. This contract is executed in duplicate."

The defendant's second amended original answer contained a general denial and a special plea setting up several defenses.

The plaintiff filed a supplemental petition, which included several special exceptions to the matters pleaded in the defendant's special answer. These exceptions were sustained, and all the defendant's answer, except his general denial, was stricken out. The defendant then asked leave to file a third amended original answer, which was refused, and the case went to trial, and, responding to a peremptory instruction by the court, the jury returned a verdict for the plaintiff. The defendant has appealed and assigns error upon the action of the trial court in sustaining exceptions to the defenses specially pleaded by him, and in not permitting him to file another amended answer.

Much of the defendant's answer was immaterial and presented no defense to the cause of action sued upon, but it presented three defenses which, in our opinion, were not subject to the objections urged against it. One was the want of consideration in the contract sued upon, the averment in the answer being that, as a matter of fact, the plaintiff had no interest in the Ballinger Grain & Commission Company. The contract shows on its face an assignment by the plaintiff to the defendant of an alleged interest of $500 in the Ballinger Grain & Commission Company, and the declaration therein that it should become a loan of $500 did not change the fact that it was a sale of a $500 interest in the company referred to. This being the contract upon which the plaintiff sued, if at the time it was made he had no interest in the Ballinger Grain & Commission Company, then he assigned nothing to the defendant, and there was an utter want of consideration for the defendant's promise to pay the $500.

The defendant averred in his answer that the plaintiff had the contract prepared and brought it to him at a time when he was very busy, and represented to him that it was a lease contract only, and in compliance with the verbal agreement pleaded by the defendant, and that the defendant, relying upon the plaintiff's statements, signed the contract without reading it and without knowing that it contained a promise to pay $500, and if he had known that it contained such promise, he would not have signed it. The averments referred to constituted a valid plea of fraud, and, if sustained by the testimony, the plaintiff ought not to recover.

The defendant's answer also contained a plea of payment, which was excepted to on the ground that it showed on its face that such payment was made prior to the execution of the contract sued on. The plea referred to reads as follows:

"Now comes the defendant in the above numbered and entitled cause, and further answering herein says, that before the commencement of this suit at divers time from February 24, 1903, to December 10, 1904, this defendant delivered to the plaintiff herein merchandise of the value of six hundred and forty-eight and 82-100 dollars, in full satisfaction and discharge of the cause of action herein as shown by account hereto attached, marked Exhibit 'A,' which merchandise was

then and there accepted by plaintiff from defendant in full satisfaction of the cause of action in plaintiff's petition mentioned."

The contract sued on is dated March 21, 1904. The plea referred to was accompanied by an account marked Exhibit "A," which shows that some of the items on the account were charged to the plaintiff prior to the execution of the contract, and some thereafter. If there was any merit in the exception urged, it should not have been sustained as to the entire plea of payment, because some of the amounts pleaded as payment were for merchandise alleged to have been delivered to the plaintiff after the execution of the contract sued on. Furthermore, the plea of payment was not excepted to for uncertainty or ambiguity, and it may be that it could be construed to mean that after the execution of the contract, and after the sale and delivery to the plaintiff of the articles charged in Exhibit "A," the parties agreed that the one debt should offset the other; and, if such was the agreement, plaintiff would not be entitled to recover, no matter when goods were delivered. However, if such was the agreement, it would be better practice for the defendant to more specifically so allege in his answer.

As the case will be reversed for the reasons just stated, it is not necessary for this court to decide whether the trial court committed error in refusing to permit appellant to file another amended answer. Under the law as it now exists amended pleadings may be filed during vacation; and, no doubt, appellant will have ample time and will be permitted to file another amended answer, if he desires to do so.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*