## Clara Cryer and J. E. Cryer v. Elizabeth Cryer McGuire and Lavinia M. Cryer.

(Decided April 30, 1912.)

### Appeal from Campbell Circuit Court.

1. Land—One Who Remains Upon Land Sold Under Judicial Proceeding—Remains as Tenant.—One who is upon his land when it is sold under a judicial proceeding and who remains upon the land afterward remains there impliedly as the tenant of, and not hostile to, the purchaser under the proceeding.

2. Land—Amicable Possession—Limitation.—Where a possession is in its origin amicable, it will not become adverse so as to set the statute of limitation in motion unless the property is in fact held adversely and in such manner as to apprise a person of ordinary prudence that the holding is adverse.

3. Land—Improvements Upon—Trespasser.—Where one had neither a record nor a possessory claim to land, nor any inheritable right in it deduced from a record or a possessory title, in making improvements on it he stood in no other position to it than a volunteer or trespasser, and as such volunteer he could have no right for compensation for improvements made upon, or taxes paid on the land.

C. T. BAKER for appellants.

HOWARD M. BENTON, RAMSEY WASHINGTON for appellees.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

On December 11, 1860, there was conveyed to one Edwin Cryer a tract of land in Campbell County. On the same day Cryer, the vendee, mortgaged the land for $1,400 to secure a debt due in 1865. Later an action was brought to foreclose this mortgage. At the decretal sale in this action the land was purchased by one Elias B. Cryer, a son of Edwin Cryer. The Master Commissioner, by deed of date the 29th day of May, 1869, conveyed the above named boundary of land and all of the interest of Edwin Cryer in it, to Elias B. Cryer. Edwin Cryer and his wife who is the appellant Clara Cryer, were living on the land at the time of the decretal sale. After the deed of the Master Commissioner was made to Elias B. Cryer, Edwin Cryer and his wife continued to live on the land down until the death of Edwin Cryer, in 1896. After his death the widow, Clara Cryer, yet remained upon the land. On September 6, 1910, the appellee, Elizabeth Cryer McGuire, filed her petition in the Campbell Circuit Court for the possession of the above named tract of land, asserting her ownership of it. She set up that she was the only child, descendant and heir of the said Elias B. Cryer, who had died intestate in Louisiana in January, 1910. Clara Cryer was made the only defendant. She filed answer, denying in the first paragraph the plaintiff's ownership of the land. In the second paragraph she set up affirmatively by proper averment that she and her husband, Edwin Cryer, had lived together as husband and wife upon the land from the time of their marriage in October, 1856, down until the time of his death in 1896; and that from the 30th day of May, 1869, down to the time of his death, her husband was in the adverse possession of the land, claiming it as his own; further, that at the time of her husband's death in 1896, he and she were housekeepers, residing on the land; and that since the death of her husband she had occupied the property as a homestead, and was entitled to continue to do so. Further, she set up that "at the time of her husband's death" he was seized of an estate in fee simple in the land, and that by reason thereof she was entitled to dower in the land. Further, she stated that one J. E. Cryer, who was the son of herself and Edwin Cryer, at the time of the death of the latter was living upon the land, and that since the death of Edwin Cryer the said J. E. Cryer and his brothers and sisters,

the only children and heirs of Edwin Cryer, had been in the adverse possession of the land. She plead the fifteen and the thirty year statute of limitation. Issue was joined upon her answer.

J. E. Cryer then intervened and filed an answer. In the first paragraph he denied the ownership of the plaintiff. In the second paragraph he set up the marriage of his mother and father in 1856, and that they lived upon the land down until the time of Edwin Cryer's death in 1896. He plead, by appropriate averments, that Edwin Cryer, from May 30, 1869, down until the time of his death, was in the adverse possession of the land; that since the time of his father's death he, J. E. Cryer, had been living upon the land, claiming it by adverse possession, and that the plaintiff's cause of action was barred by limitation. By a third paragraph he plead that he had laid out some $212.24 in taxes upon the land, and $2,061 in the way of permanent improvements, for both of which sums he asked a lien upon the land.

By an amended petition the plaintiff set up that the appellee Lavinia Cryer was the widow of her father, the said Elias B. Cryer, and was entitled to dower in the land.

Demurrer was interposed and sustained to the third paragraph of J. E. Cryer's answer, in which he sought to have a lien adjudged to him for taxes and improvements. Issue was joined upon the other main matters in the pleadings, a jury was empannelled and the case tried. The jury returned a verdict in favor of the plaintiff, Elizabeth Cryer McGuire, and judgment was entered thereon adjudging her a recovery of the land. From that judgment this appeal is prosecuted. A number of grounds are relied on for reversal.

It is first urged that Edwin Cryer, from May 30, 1869, the day after the date of the Commissioner's deed to Elias Cryer, was in the adverse possession of the land down to his death in 1896, and that he thereby became the owner by such possession. It will be remembered, however, that he was in reality the vendor in the Commissioner's deed, and that the deed of the Commissioner was made as the result of a mortgage made by Edwin Cryer upon the land. One who is upon his land when it is sold under a judicial proceeding and who remains upon the land afterward remains there impliedly as the tenant of, and not as hostile to, the purchaser under the proceeding. Snowden v. McKinney, 7 B.

Mon., 258; Bartley, et al. v. Redmon's Admx., et al., 115 S. W., 831; Behrens v. Crawford, et al., 108 S. W., 288. The possession of Edwin Cryer, therefore, on May 30, 1869, was an amicable possession. He was in possession at the time of the sale, and merely remained in possession. Unless, therefore, it should be made to appear in some manner by the record that his possession was not amicable, and did not continue amicable, the claim of his ownership by adverse possession must fail utterly. "Where a possession is in its origin amicable, it will not become adverse so as to set the statute of limitation in motion unless the property is in fact held adversely and in such manner as to apprise a person of ordinary prudence that the holding is adverse." Padgett v. Decker, 145 Ky., 227, and many other authorities. Beyond the proof of some three or four uncertain and somewhat casual references by Edwin Cryer to the land as his land, such as one neighbor would make to another, or as a parent might use in directing a child about the farm, the record is absolutely without any showing of any adverse claim to the land by Edwin Cryer. Certainly there is nothing in the record sufficient to apprise any person of ordinary prudence that Edwin Cryer held or claimed to hold the land adversely.

The foregoing disposes as well of another supposed error in the record. After the plaintiff had made out her case by the introduction of the title papers, she had completed her case. The court instructed the jury, in substance, to find for her unless they should believe from the evidence that Edwin Cryer had been in adverse possession of the property for fifteen years or more prior to his death. In other words, after the introduction of the title papers the trial court took the position that the plaintiff had made out her case, and that thereafter the burden rested upon the defendants to show that the possession of Edwin Cryer was adverse to Elias B. Cryer. As will be seen from the foregoing exposition of the law, the instruction was correct.

Since Edwin Cryer lived until 1896, and since his possession down to the time of his death is not shown to have been other than the possession of Elias B. Cryer, and since the present action was brought within fifteen years after his death, it is manifest that there is nothing in the claim of J. E. Cryer that he was in the adverse possession of the property. Further, it is as well appar-

ent that the trial court properly sustained demurrer to that paragraph of his answer, in which he sought to obtain a lien for taxes and permanent improvements made by him. No rents and profits of the land were in dispute. But over and beyond that J. E. Cryer stood as to this land in no other position, when he made improvements upon it, than a volunteer or trespasser: He had neither a record nor a possessory claim to the land, nor any inheritable right in it deduced from a record or a possessory title. It may be true, though there is enough in the record to at least make the matter one of doubt, that he thought his father was the owner of the land; but if this be true, the most that can be said is that his position was one of ignorance. His belief was due wholly to his failure to find out the truth and was not the result of any series of facts or of any single fact upon which he was justified in assuming or in entertaining a reasonable belief that his father was the real owner of the land. As such a volunteer, therefore, he could have no right for compensation for improvements made upon or taxes paid on the land.

It is next urged that a peremptory instruction should have been given in defendants' behalf, because the plaintiff did not introduce testimony establishing a title in herself, deduced from the Commonwealth. It was not necessary that she should. She put in evidence the title papers down from the time of the original conveyance of the property to Edwin Cryer. Defendants' own pleadings showed that they were claiming under the same Edwin Cryer; and while they endeavored to show a claim of adverse possession by him only from the day after the date of the Commissioner's deed, their pleadings yet showed that he was on the land prior to the Commissioner's deed taking title out of him; and the deed to him, put in the record by the plaintiff, showed that he was in possession at that time as owner. It can not be said, therefore, that both plaintiff and defendants were not claiming under a common source of title. It was, therefore, unnecessary for plaintiff to go back in her evidence beyond the original deed to Edwin Cryer.

In rebuttal the plaintiff put in evidence certain declarations or statements made by Elias B. Cryer, to the effect that he intended to let his father, Edwin Cryer, live upon the lands throughout his life. It is urged that the admission of this testimony was error. We agree with the appellants' contention. Had this testimony

been offered by Edwin Cryer, in a contest between him and Elias B. Cryer, or the plaintiff as his heir, it would have been competent, because the declarations by Elias B. Cryer would have been against his interest. But when they were offered in favor of Elias B. Cryer they were declarations not against interest and, therefore, were inadmissible. It is not the words spoken alone which determines their admissibity as declarations; but it is the circumstances surrounding the party speaking and the nature of the litigation when the testimony is offered which determines the admissibility of the testimony. A given statement may or may not be against interest, according to the circumstances, or according to the parties in dispute. For example, a statement that one is not a partner in a certain firm states a fact which favors his interest if the firm is insolvent and a deficit is, therefore, to be made up; but is unfavorable to his interest if the firm is solvent and profits are to be shared. Wigmore on Evidence, section 1463. It is clear from this illustration that the declarations or statements of Elias B. Cryer would have been against his interest and, therefore, admissible in a controversy with Edwin Cryer; and it is equally clear that they were not admissible in the controversy at bar, because their effect was to show that the holding by Edwin Cryer was not adverse; and, therefore, they were self-serving. The admission of this testimony, however, is not ground for reversal; because, as above pointed out, the plaintiff had made her case in chief by establishing her title, thus shifting the burden to the appellants, the defendants, to show that the holding by Edwin Cryer was adverse. And since, as above pointed out, the defendants failed to introduce any testimony to establish such adverse holding, the court, at the conclusion of the testimony in chief for plaintiff and defendants, should have instructed the jury, upon plaintiff's motion then made, to find for her. The admission of this testimony, therefore, in rebuttal, erroneous though it was, was not prejudicial to the rights of the defendants.

The Commissioner's deed, of date May 29, 1869, conveying the property to Elias B. Cryer, shows that Clara Cryer, the wife of Edwin Cryer, was not a party to that deed, nor was her interest in the property conveyed by the deed. When the deed was offered in evidence she objected, her objection was overruled, and a proper exception saved. The ground of the objection doubtless

was that inasmuch as the deed to Edwin Cryer, back of that date, had been put in the record, and as Clara Cryer was the wife of Edwin Cryer at the time, her potential right of dower was not divested by the Commissioner's deed. This might be well enough, if the pleadings supported this position. Clara Cryer, in pleading her dower right, based it solely upon the supposed ownership of her husband, Edwin Cryer, at the time of his death in 1896; and it has already been shown that he did not then own the land. It is possible that had Clara Cryer predicated her dower right to the land upon Edwin Cryer's ownership of the land, at the time of the Commissioner's deed, she might have been entitled to relief; but she did not do so. Her purpose in predicating her dower or homestead right upon her husband's supposed ownership in 1896 is plain. It was to get away from the Commissioner's deed of May 29, 1869, entirely, by establishing an adverse possession in Edwin Cryer, which she plead as having commenced upon May 30, 1869, the day after the execution of the Commissioner's deed. Doubtless the idea was to escape the rule above announced, that the holding over of one whose property is sold under judicial proceeding is not adverse to the vendee; but her uncontroverted pleadings showed that her husband was on the land prior to the date of the Commissioner's deed, though she did not say in what way or in what manner he was upon the land—a deficit in the record which was made up by plaintiff's introduction of the deed to Edwin Cryer, showing his possession as owner. Under the record, therefore, as made up by the defendants, the admission of the Commissioner's deed as evidence was not erroneous. The same observations apply to her claim of homestead. And it will be remembered, of course, that she could not claim both dower and homestead, as she endeavored to do.

For the reasons given the judgment is affirmed.