## Terry et al. v. Henry et al.

(Decided Oct. 7, 1938.)

THOMAS, J., dissenting.

CHARLES FERGUSON for appellants.

JOHN A. MOORE for appellees.

Opinion of the Court by Drury, Commissioner—Reversing.

James M. Terry, Jr., and Henry Tinsley have appealed from an adverse judgment in a forcible detainer proceeding which they had begun against Mrs. Mary Goodloe and her sister, Miss Martha Henry.

The property involved formerly belonged to J. W. Goodloe, who died several years ago. His widow, Mrs. Mary Goodloe and her sister, Miss Martha Henry, continued to occupy the property as a home. About eight years ago the City of Marion, Kentucky, passed an ordinance providing for a system of sewers for the city and also passed an ordinance providing for the paving of certain streets. All of these improvements were by the terms of these ordinances to be paid for by the abutting property upon what is known as the ten-year-plan. After a short time Mrs. Goodloe and Miss Henry found themselves unable to meet the yearly payments and in a suit to settle the estate of J. W. Goodloe, the unpaid installments for street and sewer improvements were adjudged to be superior liens on the property which was ordered sold.

On March 5th, 1934, it was sold and was purchased by Chastine Haynes, who held it until the 25th of March, 1935, and then sold it to A. M. Henry, a nephew of Mrs. Goodloe and Miss Henry. He hoped to provide a home for his two aunts, but found himself unable to keep up the payments. Hence on Nov. 11th, 1936, he sold the property to Lottie Terry, who held it until the 20th of January, 1937, when she sold and transferred it to her two sons, the appellants James M. Terry and Henry Tinsley.

The following day Terry and Tinsley served written notice upon Mrs. Goodloe and Miss Henry to vacate the premises within 30 days. They did not do so and on Feb. 22nd, 1937, the appellants made complaint and were awarded a writ of forcible detainer for the property which was thus described in the writ:

"One lot and improvements thereon, located on the south side of West Bellville St., between the properties of Robert Wheeler and the Cumberland Church, in the city of Marion, Crittenden County, Kentucky."

A correct and more accurate description of it is

this, which is copied from the deed their mother had made to them and which was put in the evidence:

"A certain house and lot in the town of Marion, Crittenden County, Kentucky, on the south side of West Bellville Street, and bounded as follows:

"Beginning at the northwest corner of the Stewart lot on said street; thence with line of same and Blue's lot a south course 151½ feet to the Blue southwest corner; thence a west course 147½ feet to an alley; thence north with line of said lot 47 feet and 6 inches to corner of Baptist (now Cumberland Presbyterian) Church lot; thence east with same 60½ feet to the corner of same; thence with line of same north 100 feet to said Bellville St., thence with line of same 85 feet and 9 inches to the beginning.

"This being the same property which was conveyed to Lottie Terry by Albert M. Henry and wife, on the 11th day of Nov., 1936, by deed of record in Deed Book No. 61, page 175, Clerk's office, Crittenden County Court."

We regard the first description as sufficient but admit this second description as a better one and the court will use this second description in subsequent proceedings.

Mrs. Goodloe and Miss Henry paid no attention to the notice and allowed the matter to go by default. On Feb. 26th, 1937, Terry and Tinsley obtained a judgment and were awarded a writ for the possession of the property. The following day Mrs. Goodloe and Miss Henry gave bond and filed the following traverse:

"The defendants, Miss Martha Henry and Mrs. Mary Goodloe, say that the inquisition returned in this cause is not true; therefore, they pray that the proceedings thereon may be stayed until the same can be tried according to law.

"Martha Henry
"Mrs. Mary Goodloe."

We will say at this point that this is the only time that this record shows Mrs. Goodloe or Miss Henry ever said anything. They have never filed any answer, set up any claim or testified in any way. A new trial of a forcible detainer case cannot be granted by the jus-

tice, who issued the writ. Swanson v. Smith, 117 Ky. 116, 77 S. W. 700, 25 Ky. Law Rep. 1260. The effect of this traverse was to transfer the matter to the Crittenden Circuit Court, and accordingly that was done. See section 463 of Civil Code of Practice.

The record shows that on the first day of the March term of the Crittenden Circuit Court the following occurred:

"Came the traversers by attorney, and moved the court to dismiss this traverse, which motion the court took under advisement. And by agreement, this action is set for trial on Monday, March 22nd, the seventh day of the present term."

On the following day this order was entered:

"This day this case coming on for trial upon the motion to dismiss this traverse, made herein on yesterday by the traversers, and the court being advised, treats said motion as a demurrer to the pleadings of traversees, and now sustains said demurrer, with leave to traversees to amend."

Mrs. Goodloe and Miss Henry had filed this traverse and they had a right to dismiss it if they desired to do so, and the court should have dismissed it. Just why the court regarded this as a demurrer and sustained it is not clear. There is no statutory requirement that the complaint in a forcible detainer case shall be in writing. See Jones v. Com., 104 S. W. 782, 31 Ky. Law Rep. 1148; Tolbert v. Young, 172 Ky. 269, 189 S. W. 209.

On March 22nd, 1937, Terry and Tinsley amended their complaint and offered their evidence in which they showed how they had derived their title to the property, that they had notified Mrs. Goodloe and Miss Henry that they wanted possession, and they had waited 30 days thereafter, that the ladies did not vacate the premises, and that they had then begun their proceedings. In the course of the hearing this stipulation was made:

"It is stipulated that Mrs. Lottie Terry purchased the property and became the owner under the deed just mentioned; (the one from A. M. Henry), and it is also stipulated and agreed that the title to the property need not be traced farther

back; and it is further stipulated that the above is the same property owned by J. W. Goodloe, deceased, husband of Mrs. Mary Goodloe, and that she has resided in said property with Miss Martha Henry since the death of her said husband, J. W. Goodloe, residing on said property as the widow of J. W. Goodloe, deceased, having so resided from the time of the death of her husband up to and including the date of the issual of the writ in this case, and since said time and is now so residing on said premises; said property having been sold under judgment of the Crittenden Circuit Court, and title passed down from there as indicated above.''

The proof showed that neither Mrs. Goodloe nor Miss Henry had ever rented this property from anyone, had paid any rent to anyone, and both were still occupying it. At the conclusion of the evidence this occurred:

"At this point, attorney for appellants (Mrs. Goodloe and Miss Henry) moved to dismiss the proceedings for the reason that the evidence fails to show that appellees, (Terry and Tinsley) were ever in peaceable possession of the property, and the relationship of landlord and tenant does not exist.

"To this motion, appellees (Terry and Tinsley) by attorney, objected.

"The attorney read from a decision of the Court of Appeals of Kentucky, Cryer v. McGuire, 148 Ky. 100, 146 S. W. 402, Ann. Cas. 1913E, 485; and at the conclusion of said reading attorney for appellants (Goodloe and Henry) stated that he had no argument to offer, standing on his motion; whereupon, the Court stated that he would consider the matter and render his decision on the above motion on Tuesday morning, March 23rd, 1937.''

On the following day the court announced this decision:

"The Court being advised is of the opinion that appellants' motion should be and the same is hereby sustained, and this proceedings dismissed, the court being of the opinion that this action should have been in ejectment.

"To which ruling of the Court appellees, by attorney, object and except, and pray an appeal to the Court of Appeals, which is granted."

Thereupon Terry and Tinsley, by attorney, filed a motion for judgment against the appellants (Goodloe and Henry) and that they be found guilty of the forcible detainer charge in the warrant, which motion was overruled, and Terry and Tinsley excepted.

On March 23rd, 1937, the court dismissed the complaint of Terry and Tinsley and gave Mrs. Goodloe and Miss Henry a judgment against them for their cost. Terry and Tinsley then filed motion and grounds for a new trial which the court overruled, and they prayed an appeal to this court which was granted.

The trial court fell into error when it held that the relation of landlord and tenant did not exist between these parties. When these ladies continued in possession of the premises after the confirmation of the judicial sale, they did so by sufferance of the purchaser and subsequent vendees, deriving title through the purchasers. These ladies then became, and have since continued to be, tenants by sufferance.

In the case of Cryer v. McGuire, 148 Ky. 100, 146 S. W. 402, Ann. Cas. 1913E, p. 485, in the course of the opinion this court said:

"One who is upon his land when it is sold under a judicial proceeding, and who remains upon the land afterward, remains there impliedly as the tenant of, and not as hostile to, the purchaser under the proceeding."

In the note following that case in Ann. Cas. 1913E, p. 485, a number of cases from other jurisdictions are cited to the same effect. In the case of Sears v. Collie, 148 Ky. 444, 146 S. W. 1117, we held:

"A deed of land by the purchaser at judicial sale is not champertous because of parties to the action, whose title was divested by the decree therein, being still in possession; their possession being by sufferance of the purchaser and amicable, and not adverse."

In the case of Frazier v. Morris, 161 Ky. 72, 170 S. W. 496, we held:

"Where the former keeper of a poor farm continued to reside thereon after the farm had been conveyed to his brother by the county, it will be presumed that he was occupying the land as a tenant at will of his brother."

If we had the time to do so, we would have no difficulty in multiplying these citations many times. The general rule is thus stated in 2 C. J. S., Adverse Possession, p. 659, section 105:

"The owner's continued possession after sale of the property at execution, judicial, or like sale is that of a tenant at sufferance of the purchaser."

We express no opinion about what could have been accomplished by Terry and Tinsley if they had sought other remedies. Our sole question is, Could they successfully resort to a writ of forcible detainer to obtain possession of their property under the circumstances we have outlined? The answer is, they could.

The trial court's judgment is reversed. It shall be set aside and a judgment entered in its stead finding these ladies guilty of forcible detainer, awarding possession of this property to Terry and Tinsley, and for other proceedings consistent with this opinion. The whole court sitting.

Thomas, Justice (dissenting).

In briefly stating my grounds of dissent I shall—except in some isolated instances—refrain from fortifying the principles for which I contend with texts or decided cases, for the all-sufficient reason, as I contend, that they are well settled as logical sequences from fundamental principles of the law, as relating to the question involved, and which is only one of practice (as will later appear), since the record discloses no obstacle to appellants' right to the possession of the involved real estate, and for which reason my objections are confined exclusively to the remedy that appellants invoked for the purpose of enforcing their right of possession. No question of appellants' right to accruing rent of the premises is involved, but only their right to the possession as against appellees.

My position is—that in the circumstances, as developed by the record, and as stated in the majority opinion, the exclusive and only available remedy open to

plaintiffs by which they might be placed in possession of the involved property was and is a writ of possession to be issued by the Crittenden Circuit Court under whose judgment the land was ordered to be and was actually sold and purchased by plaintiffs' remote vendor at the decretal sale that was had pursuant to that judgment. If that action was still on the docket such a motion could have been made by them giving notice to appellees (the alleged wrongful detainers) of their purpose, place and time of doing so; but if that action had gone off the docket it was subject to reinstatement by proper procedure for that purpose, and after being so reinstated the motion for a writ of possession could be made and ordered by the court; provided appellants were entitled to it on the merits of the case. Instead of procuring such a writ of possession, in either of the manners stated, appellants instituted in an inferior court to the circuit court this forcible entry and detainer action to recover the possession to which they claim to be entitled. In other words, they applied to a separate court, as well as an inferior one, for complete, finished and final enforcement of the circuit's court's judgment. The universally adopted practice to obtain possession by the purchaser at a judicial sale is by a writ—when the recalcitrant possessor was either a party to the litigation resulting in the judicial sale, or by one in privity with him—which writ is denominated in the text books and opinions as a "writ of assistance." See 24 Cyc. 55, 56. But it is called and universally referred to in this jurisdiction as a "writ of possession." The referred to text shows that such process is the proper one for the purchaser to obtain possession, and especially so when the possessor sought to be ousted occupied the relationship to the litigation as is stated, i. e., a party to the action, or one in privity with the owner of the sold premises who, of course, was a party.

Each of the appellants here, who were defendants in this forcible entry and detainer action, sustained such a relationship to the action in which the sale was ordered and actually made, and also to the premises ordered to be sold. One of them, Mrs. Mary Goodloe, was a party to that action—she being the widow of her deceased husband who owned the land ordered to be sold and for whose debts and settlement of whose estate the sale was ordered—but whether free from her right

of dower, or encumbered with that right, is not shown by this record. At any rate the situation, at the time this action was instituted in the inferior court in which it was done, was such as to entitle appellees (plaintiffs in this action) to a writ of possession obtained in the manner hereinbefore set out, and which I contend was their exclusive remedy. That contention, where the remedy by a writ of possession is available (and which is true in this case as pointed out), is based upon what I conclude is an incontrovertible and logical deduction from the facts. Such deduction is, that courts should not approve a practice whereby a superior court having exclusive jurisdiction to order the sale of real estate may be deprived of its jurisdiction to completely enforce its decrees and to permit the enforcement, to the extent that it is unfinished, to be completed by an inferior court who never possessed any right to order the land sold, or to put the purchaser at any such sale in possession, which is a part of the enforcement authority inherent in the superior court possessing exclusive jurisdiction to render the decree. See 34 C. J. 737, section 1139.

It will be remembered that, neither plaintiffs in the instant action as remote vendees of the purchaser at the judicial sale, nor such purchaser, nor any intermediate vendee of the purchaser, had ever been placed in possession of the property. The only extent to which the litigation in which the sale was ordered and made had progressed, was the rendering of the judgment, ordering the sale, its making and confirmation, followed by a deed from the master commissioner. At that stage of the proceeding (which was the actual one here) there yet remained to be performed—as a part of the enforcement relief inherent in the court rendering the judgment—the putting of the purchaser in possession of the sold premises, and which relief that court could undoubtedly grant. In upholding the right of appellants to pursue the remedy they employed (forcible entry and detainer), the majority opinion announces the principle that an inferior court may step in at the juncture above referred to and itself determine whether or not the purchaser is entitled to the possession, and if so to award it to him, and which amounts to nothing more nor less than saying that awarding possession to the purchaser in such cases and in such circumstances—al-

though a part of the enforcement of the circuit court decree—may be taken away from the court rendering the decree and conferred upon such inferior court.

It is admitted that the law is to the effect that a perfect stranger to the litigation in which the decretal sale was ordered (with not even privity relation thereto) may not be ousted by a writ of possession issuing from that court, and that the purchaser as against him would be entitled to the remedy invoked in this case, or an action of ejectment—dependent upon the facts—but, as above pointed out, we have no such case. Upon the traverse by appellants to the Crittenden Circuit Court the motion made by them to dismiss the "traverse" was treated by the circuit court as a motion to dismiss the writ, and which I think was correct. The trial in the circuit court upon the traverse is a de novo one, and it appears to have been conceded by everyone connected with the case that the motion was intended to be one for a dismissal of the action upon the ground, no doubt, that the remedy employed was not available to the plaintiffs therein.

For the reasons stated I do not think it was, and I am persuaded that the order of the circuit court dismissing the action was correct, and that its judgment should be affirmed. Wherefore, I most respectfully dissent.