## Friedman v. Baron.

October 26, 1948.

Herman Cohen for appellant.

J. Walter Clements for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action is an outgrowth of a divorce action brought by the appellant, Sylvia Friedman, against her husband, Charles Friedman, wherein a settlement of property rights was agreed to and incorporated in the final judgment. Under that agreement Mrs. Friedman conveyed her interest in the home property to her husband. The agreement further provided that she was to be permitted to occupy the property rent free for a period of not more than six months after August 27, 1946. Shortly after its rendition Mrs. Friedman sought to have set aside so much of the judgment as related to the property settlement on the ground that the agreement had been procured through fraud, misrepresentation and undue influence on the part of her husband. More than a month after the motion to have the judgment modified was overruled, Mrs. Friedman filed a lis pendens notice

in the clerk's office. On April 14, 1947, Mr. Friedman sold the property to Irvin Baron, the appellee in the action now before us. On April 14th, Mr. Baron notified Mrs. Friedman that he had purchased the property and requested her to give him possession within 30 days, which she refused to do. Forcible detainer proceedings were instituted against Mrs. Friedman which resulted in rulings against her. On May 14, 1948, we held that the evidence was insufficient to warrant setting aside the property settlement between the Friedmans on the ground charged. See Friedman v. Friedman, 307 Ky. 439, 211 S. W. 2d 403.

The lower court based its ruling in the forcible detainer proceeding on the case of Terry v. Henry, 274 Ky. 778, 120 S. W. 2d 404, 407. It seems to be the contention of Mrs. Friedman's counsel that, by virtue of her original interest in the property, she did not become a tenant by sufferance when she held possession after the six months period provided in the settlement agreement. We believe that the trial court was correct in rejecting this contention and holding that Mrs. Friedman was a tenant by sufferance. As pointed out by counsel for the appellee, the trial court in the action before us was confronted with a judgment of the Jefferson Circuit Court overruling Mrs. Friedman's motion to have modified the part of the divorce judgment relating to the property settlement. That judgment, which was final in nature, had not been reversed or modified, though it is true that an appeal was pending in this Court.

In the Terry case numerous authorities are cited to the effect that an owner's continued possession after sale of the property " 'at execution, judicial, or like sale is that of a tenant at sufferance of the purchaser.' " In the case at bar Mrs. Friedman agreed to convey to her husband her interest in the property and this agreement was incorporated in the divorce judgment. The effect of the incorporation of the agreement in the judgment was just as binding on Mrs. Friedman as though there had been a judicial sale of the property. We think, therefore, that the trial court ruled correctly in the forcible detainer proceeding.

Judgment affirmed.