**FLOYD et al. v. NESTER et al.**

Court of Appeals of Kentucky.

May 28, 1954.

Cam Mullins, London, for appellants.

R. B. Johnson, London, for appellees.

STEWART, Justice.

This is a motion for an appeal from a judgment decreeing defendants guilty of forcibly detaining from plaintiffs a tract of farm land in Laurel County.

The facts, developed by the pleadings, disclose that on February 18, 1952, plaintiff, Ella J. Nester, as administratrix of the estate of Richard McFadden, deceased, went before the Honorable J. D. Gross, Judge of Laurel County, and caused a writ of forcible entry and detainer to issue in behalf of the heirs at law of the decedent against defendants, Luster Floyd, Nellie Floyd and James Floyd. Defendants by answer and counterclaim to this proceeding, after denying plaintiff was in possession of the land described in the complaint, alleged that defendant, Luster Floyd, owned the property by virtue of a deed executed and delivered to him on June 29, 1949, by Richard McFadden, prior to the latter's death, which instrument was thereafter duly recorded in the Laurel County court clerk's office. His original deed was filed as an exhibit. Judge Gross decided defendants' pleading raised the question as to who had title to the land, and, concluding he as County Judge had no jurisdiction to try this issue, transferred the case to the Laurel Circuit Court for determination.

In circuit court a traverse was entered to the judgment and then all the heirs at law of Richard McFadden joined in a pleading denominated a "petition" whereby they sought to be made parties plaintiff to the action, and in the same pleading they asserted ownership by inheritance to the land in controversy and alleged defendants were detaining it unlawfully. Thereafter these same plaintiffs in an "amended petition" claimed the deed from Richard McFadden to Luster Floyd was a forgery and asked that it be cancelled and held for naught. Defendants by answer, counterclaim and set off to both pleadings, denied plaintiffs' allegation that Luster Floyd's deed was a forgery, reaffirmed that Luster Floyd had title to the land under his deed from Richard McFadden, set forth the payments this defendant had advanced by way of consideration for the property and also detailed the amounts he had expended in improvements to the land since his occupancy of it. In the alternative defendants pleaded that if it should be adjudged Luster Floyd did not acquire title to the property under his deed from Richard McFadden, the court should allow him to recover the sum he had expended in payment for it and the value of the improvements he had added to the land, both items totaling, as was claimed, $925, and that he should have a lien against the land for this sum. His prayer asked that the forcible detainer proceeding be dismissed and that his title to the land be quieted. The other two defendants are the parents of Luster Floyd who live with him on the land.

Plaintiffs demurred to defendants' answer, counterclaim and set off. The case was submitted upon the pleadings. The court sustained the demurrer to the defendants' last pleading and adjudged defendants to be guilty of forcible detainer as charged and allowed plaintiffs to recover possession of the land. This appeal by defendants challenges the correctness of the lower court's action in sustaining the demurrer and awarding judgment against them.

It can scarcely be doubted from a consideration of the foregoing recitation of facts that, although this action was originally instituted as one of forcible entry and detainer to have the right to the possession of the land involved determined, it subsequently developed into a controversy in which the parties attempted to try title to the property in dispute. For this reason an action of forcible entry and detainer will not lie. See KRS 383.200.

More than that, the defense pleaded by defendants to plaintiffs' charge of forcible entry and detainer was good on general demurrer and the court erred in sustaining this plea.

The motion for an appeal is sustained, the appeal is granted and the judgment is reversed and the case remanded in order that the lower court may determine the question raised by the pleadings, namely, the ownership of the land.