Thelma EMMONS, Appellant,

v.

Sidney R. MADDEN, Appellee.

No. 88–CA–2492–DG.

Court of Appeals of Kentucky.

Dec. 8, 1989.

**530**

Deanna L. Dennison, Covington, for appellant.

John H. Clarke, Clarke and Clarke, Maysville, for appellee.

Before McDONALD, MILLER and REYNOLDS, JJ.

McDONALD, Judge.

This action was commenced by the filing of a forcible detainer action by the appellee, Sidney R. Madden, in the Mason District Court. In his complaint, Madden sought possession of three separate parcels of real estate he alleged to have purchased from the appellant, Thelma Emmons. According to the complaint, Emmons had conveyed the properties to Madden and had agreed in the contract for sale to deliver possession of the properties at the time of closing. Although the sale was concluded on June 24, 1988, as of the time of filing a month later, Ms. Emmons had not vacated the properties.

In her defense Emmons alleged she was not properly served with notice of the action, and that the district court did not have the requisite jurisdiction to entertain the matter. On the merits of the case she argued that although she had conveyed the properties to Madden, it was with the understanding that 50% of the property would be reconveyed to her, and that she and Madden had entered into a joint venture involving the businesses on the subject properties. She alleged she had had continuous possession of the properties for several years and the right to remain in possession as part owner under the terms of the business agreement with Madden. Emmons in fact initiated an action in the circuit court to set aside the conveyances for fraud and misrepresentation and for breach of contract.

In its judgment entered August 3, 1988, the district court found, there being no provision in any of the deeds reversing possession to Emmons, that Emmons was guilty of forcible detainer of the properties. An eviction notice was issued precipitating Emmons' appeal to the circuit court. The circuit court likewise concluded that Emmons was forcibly detaining the three parcels and dismissed her appeal. Our court granted Emmons' motion for discretionary review for consideration of the jurisdictional issue only.

We agree with the appellant that the district court did not have subject matter jurisdiction to resolve the dispute concerning possession of these properties. It is well settled in this Commonwealth that a forcible detainer action is viable *only* where the relationship of the competing parties is that of landlord and tenant. "It has been repeatedly decided by this court that to maintain the writ of forcible detainer the relationship of landlord and tenant must exist in some form." *Cuyler v. Estis* 23 K.L.R. 1063, 64 S.W. 673, 674 (1901). The summary procedure provided for in district court is designed to "restore to a landlord premises unlawfully detained by a mere tenant." *Hall's Ex'rs v. Robinson*, 291 Ky. 631, 165 S.W.2d 163 (1942).

Nowhere in his pleadings or in his proof does Madden allege or show that he and Emmons had a landlord/tenant relationship. To the contrary, Madden has throughout predicated his claim on the con-

tract for the sale of these properties and the deeds themselves as establishing his right of possession. We believe it apparent that his remedy for Emmons' failure to comply with her contractual commitment lies in an action for breach of contract, not in an action for an eviction.

Our statutes providing for forcible detainer actions, KRS 383.200–383.280, specifically refer to landlord and tenants. KRS 383.200(3) defines "forcible detainer" as follows:

(a) The refusal of a tenant to give possession to his landlord after the expiration of his term; or of a tenant at will or by sufferance to give possession to the landlord after the determination of his will;

(b) The refusal of a tenant of a person who has made a forcible entry to give possession, on demand, to the person upon whose possession the forcible entry was made;

(c) The refusal of a person who has made a forcible entry upon the possession of one who acquired it by a forcible entry to give possession, or demand, to him upon whose possession the first forcible entry was made;

(d) The refusal of a person who has made a forcible entry upon the possession of a tenant for a term to deliver possession to the landlord, upon demand, after the term expires; and, if the term expires whilst a writ of forcible entry sued out by the tenant is pending, the landlord may, at his cost and for his benefit, prosecute it in the name of the tenant.

It is obvious that subsections (b)-(d) do not apply to the instant case as there was no forcible entry by Emmons. Subsection (a) would not provide the basis for an action against Emmons unless the court determined as a matter of law that Emmons was a tenant at sufferance. While there is authority in Kentucky that one who remains on the property after a judicial or like sale is a tenant at sufferance, *see Terry v. Henry*, 274 Ky. 778, 120 S.W.2d 404 (1938), the appellee has not cited to any authority holding that a grantor who re-

mains after conveyance of a fee is such a tenant. Certainly the facts alleged by Madden do not indicate circumstances as would justify implying such a tenancy as a matter of law.

Simply, the defense of Emmons clearly puts the title to the properties in question. This dispute was beyond the limited jurisdiction of the district court and it should have dismissed the action. *Floyd v. Nester*, Ky., 268 S.W.2d 933 (1954).

The judgment of the Mason Circuit Court is thereby reversed and remanded with directions to vacate the judgment of the Mason District Court.

All concur.