CASE 27.—ACTION BY ALBERT ENGLE AGAINST THE TEN-
          NIS COAL COMPANY TO QUIET TITLE TO LAND.
          —April 10.

# Engle v. Tennis Coal Co.

Appeal from Perry Circuit Court.

M. J. Moss, Circuit Judge.

Judgment    for    defendant.    Plaintiff    appeals.
Reversed.

1.  Abatement and Revival—Other Action Pending—Cause of
    Action—Identity—Quieting Title.—Ky. Stat., 1903, section 11,
    provides that a person having the legal title and possession
    of land may sue in equity. Held, that the pendency of an
    action of forcible entry and detainer by defendant against
    plaintiff was no bar to plaintiff's action, under such section,
    in the absence of a showing that the relation of landlord
    and tenant existed.
2.  Forcible Entry and Detainer—Issues.—In forcible entry and
    detainer, neither the right of entry, nor the right of prop-
    erty, but only the naked right of possession, is involved.
3.  Landlord and Tenant—Estoppel of Tenant to Dispute Title—
    Quieting Title—A tenant who obtains possession under a
    lease may not make such possession the basis of a bill
    against the landlord to quiet the tenant's claim of title.

WM. CROMWELL Attorney for Appellant.

MILLER & FITZPATRICK of Counsel.

### AUTHORITIES.

A writ of forcible entry and detainer or forcible detainer does
not involve the question as to title to land. (Mason v. Bascom,
3 B. Mon., 272; Lancaster v. Lancaster, 19 Ky. Law Rep., 577.)

2. Records of judgments of forcible entry and detainer are not admissible in evidence in bar of an action of ejectment. (Mattox v. Hahn, 5 Littell, 187).

4. Bills to quiet title construed.    (Clark v. Smith, 13 Peters Statutes section II.)

4. Bills to quiet title constructed.    (Clark v. Smith, 13 Peters 195; Holland v. Challen, 110 U. S., 15, 26).

HAGER & STEWART AND WOOTON & MORGAN for Appellees

### POINTS AND AUTHORITIES.

1. The prior pendency of suit for forcible entry abates action quia timet.    (1 Enc. Plead, & Prac., 763; Black on Judgments section 663; Mitchell v. Davis, 23 Cal., 381; Norwood v. Kirby, 70 Ala., 197).

2. Possession of the land in controversy in both actions is indispensably required of plaintiff as condition of prosecuting suit quia timet, to show both title and possession of the premises.    (Trustees, &c. v. Gray, 1 Litt., 146; Whipple v. Earick, 93 Ky., 121; Smith v. Lewis, 21 Ky. Law Rep., 1400; Layne v. Ferguson, 24 Ky. Law Rep., 444; Floyd v. L. & N., Ib., 2147).

3. The judgment in a forcible detainer suit would be conclusive and estop appellant from either showing title in himself or setting up outstanding title in another, and would further show the possession to have been the possession of appellee by appellant as its tenant and defeat appellant's standing in the equity suit.

OPINION OF THE COURT BY JUDGE BARKER— Reversing.

This action was instituted in the Perry circuit court for the purpose of quieting the title of the plaintiff, Albert Engle, to a tract of land situated in Perry county, set out by metes and bounds in the petition. The petition alleges the legal title and possession of the land to be in the plaintiff, and that the defendant (appellee) is wrongfully setting up claim to the whole boundary described, and giving out in words and

speeches its claim to be the owner of the property,. although its claim is worthless; that this false and worthless claim of the defendant casts a cloud upon the plaintiff's title, and injures the vendible value of the land. To this petition the defendant (appellee) filed a plea in abatement, called a special demurrer, under sections 92 and 118 of the Civil Code, alleging the pendency of an action of forcible detainer between the parties litigant, which is as follows: "Comes the defendant and demurs specially to plaintiff's petition because there is another action pending between the same parties in this court for the same cause. Because there is an action now pending in the Perry circuit court wherein Tennis Coal Company is plaintiff and Albert Engle is defendant, in which action Tennis Coal Company seeks to recover by writ of forcible detainer from Albert Engle the possession of the tract of land set out in the petition in this action." Afterwards, the following judgment was rendered: "The defendant, having at a former day of this term of court, filed a special demurrer to the petition of plaintiff, and insisting that same be sustained because there was another action pending in this court between the same parties over the same subject-matter; the action referred to in said special demurrer is the action of Tennis Coal Company against Albert Engle, in which action the said Tennis Coal Company seeks by forcible detainer to obtain possession from said Albert Engle of the same tract of land described in plaintiff's petition in this action, and the court being fully advised is of the opinion that said special demurrer should be sustained; it is therefore adjudged that said special demurrer be, and the same is, hereby sustained; and the plaintiff refusing to plead further, this cause is now dismissed,

and ordered to be stricken from the docket, and that the defendant, Tennis Coal Company, recover of the plaintiff, Albert Engle, its costs herein expended, to all of which the plaintiff objects, and excepts, and prays an appeal to the court of appeals, which is granted.'' The validity of this judgment is the question for adjudication on this appeal.

Section 11, Ky. Stats., 1903, is as follows: ''It shall and may be lawful for any person, having both the legal title and possession of lands, to institute and prosecute suit, by petition in equity in the circuit court of the county where the lands, or some part of them, may lie, against any other person setting up claims thereto; and, if the plaintiff shall be able to establish, and does establish, his title to said land, the defendant shall be, by the court, ordered and decreed to release his claim thereto.'' We are told in the briefs of appellee that the appellant was the tenant of appellee, and obtained his possession under a lease, and that this fact is shown by the forcible detainer proceeding mentioned in the special demurrer or plea in abatement; that the trial court had the record of that proceeding before him when he entered the judgment dismissing the petition, and that, as the appellant has failed to bring up this part of the record in the transcript, we must presume that the judgment below is correct. It is a sufficient answer to this to say that it nowhere appears in the transcript before us that the forcible detainer proceeding shows appellant to be the tenant of appellee, or that he obtained the possession he alleges in his petition on the demise of appellee, and that the clerk's certificate shows that the transcript is complete. Every intendment is to be taken against the pleader, and we must therefore conclude that the

facts with reference to the pending action pleaded are as adverse to appellee as a fair construction of the language used in the plea will admit. So far as aught to the contrary appears in the pleading, appellant may have been the landlord (if the relation of landlord and tenant existed at all) and appellee the tenant, and the landlord may have peaceably repossessed himself of his own property after the termination of the lease, and the tenant be wrongfully prosecuting the forcible detainer proceeding pleaded; and, under this state of case, if appellant had the legal title and possession, he had a right under the statute to prosecute an equitable action to quiet his title against adverse claims of ownership.

It is not disputed by the learned counsel that only the naked right of possession is involved in the forcible detainer proceeding, and that neither the right of entry nor the right of property is therein involved; whereas, in the action instituted by the appellant, the title to the property is the issue presented. The statute gives to the owner in possession of land a right to maintain an equitable action to quiet his title. The fact that the defendant has an action pending against him involving the naked right of possession will not either bar or abate his right to settle adverse claims as to the title. The right of possession of land in one person is not inconsistent with the right of property in another. Now, the statute only requires the owner of land to have the actual possession of his property in order to maintain an action of quiat limet; whether he has the right of possession is immaterial. If the owner is out of possession, he has an ample remedy at law by ejectment; but, if he is in actual possession, he has no remedy against the injury arising from the assertion of worthless and

wrongful claims of ownership by others except that adopted here. We do not mean to decide that a tenant who obtains possession under the contract of lease may make the possesssion so obtained a basis for a bill against his landlord to quiet his claim of title; such a position would run counter to the principle, that a tenant is estopped from questioning his landlord's title; and this principle would go to the very root of a claim such as that at bar. All that we say on that question is that it is not presented by the plea of the appellee.

The pendency of an action of forcible detainer, which involves only the naked right of possession does not conclude a claim of ownership, and therefore the plea as made was insufficient to bar or abate appellant's action of quia timet.

The judgment is reversed for proceedings consistent with this opinion.