# Delph v. Bank of Harlan et al.

Dec. 8, 1942.

A. T. W. Manning for appellant.

H. C. Clay for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, T. A. Delph, came into possession of a small tract of land in Laurel County under the following contract:

"This contract made and entered into this the 27th day of February, 1937 between the Bank of Harlan, Kentucky and C. B. Cawood, of Harlan, Kentucky parties of the first part and Tom A. Delph of Dayhoit, Harlan County, Kentucky party of the second part, witnesseth: That in consideration of the sum of $25 cash in hand paid and the further consideration of $575 evidenced by three promissory notes of even date herewith due and payable as follows: Note No. 1, due one year from date in the principal sum of $175, Note No. 2 due two years from date in the principal sum of $200, and Note No. 3, due three years from date in the principal sum of $200, all of said notes bearing interest from date at the rate of six per cent per annum, until paid, parties of the

first part agree to sell unto party of the second part a certain tract of land located in Laurel County, Kentucky, being the same land conveyed to said first parties by T. N. Hensley. It is understood and agreed that first parties will make deed to T. A. Delph if and when the first note for $175 is paid at maturity, retaining a lien in deed for the remaining notes of $400. It is further understood and agreed that should second party fail to meet the first note promptly when due that he will vacate the premises as soon as requested to do so."

Delph paid the $25, executed the notes mentioned in the contract, and entered upon the land in accordance with the foregoing agreement. Upon receipt of notification that the $175 note was past due, Delph went to the bank and complained of defects in the title. He told the cashier that there was a lien against the property and that he would not pay the note until this was cleared up. The cashier told him that he would either have to pay the note or vacate the premises, and Delph replied that he would not pay the note until the title was clear, and that he would not move until a court moved him. Delph remained in possession of the property, and, in July, 1941, the bank notified him to vacate because of his failure to pay for it. He refused to move, and the appellees instituted this forcible detainer action to oust him. Their effort in the county court was unsuccessful, but on appeal to the circuit court they were granted the relief sought. Delph is appealing from that ruling.

The case turns upon the construction of the aforementioned contract. Delph contends that it was a contract for the sale and purchase of the land, while the appellees contend that the relationship of landlord and tenant existed between the parties, by virtue of the last sentence of the contract, upon Delph's failure to pay the $175 note when it became due. They take the position that he became a tenant by sufferance upon his failure to pay the note. We are in accord with this view. A tenancy by sufferance exists where a person who has originally come into possession lawfully holds such possession after his right of occupancy is terminated. Mendel v. Hall, 13 Bush 232; Reccius & Bro. v. Columbia F. & T. Co., 120 Ky. 478, 86 S. W. 1113. While the parties agreed to an arrangement and conditions under which Delph was to purchase the property, he failed to carry out the terms

of the contract; and by its last sentence it was expressly agreed that, in the event he failed to meet the first note promptly, he would vacate the premises as soon as he was requested to do so. Under these circumstances his continued occupancy could be terminated by one month's notice in accordance with KRS 383.140 (KS 2326).

We have seen that notice was not given until the summer of 1941. Therefore, this action was brought within the two year period specified by Section 469 of the Civil Code of Practice. See the case of Colored Homestead & Bldg. Ass'n v. Harvey, 64 S. W. 676, 23 Ky. Law Rep. 1009, which involved circumstances somewhat analogous to those in the case at bar, wherein a forcible detainer proceeding was held proper.

We are not in accord with Delph's contention that, even though it be conceded that the relationship of landlord and tenant existed between the parties, still the action was too late, because his forcible detainer began when he informed the cashier of the bank that he would not pay the $175 note until the title was clear, and also that he would not move until he was forced to do so by court proceedings, upon the cashier's telling him that he would have to pay the note or leave the premises. We do not so interpret that transaction. As the record stands, Delph was told that he would have to pay the money or leave the premises. This was as expressly agreed upon by the parties under the contract. There was no request upon the part of the bank that he vacate the premises when he refused to pay the note; nor was there one until the summer of 1941. The contract left the question with the appellees as to when Delph would be requested to leave the premises upon his failure to meet the $175 note. The appellees might have felt justified in permitting Delph to remain in possession of the property by their withholding a request that he vacate it in the hope that he would make arrangements to pay for it. In any event, it was optional with them as to when the request would be made for him to leave the premises upon his failure to meet the $175 note. The agreement on the part of the appellees to give Delph a deed was predicated upon his paying the $175 note when it became due.

It follows from what has been said that it is our view that the judgment should be and it is affirmed.