**Sandra CLAY, Appellant,**

v.

**Rodes TERRILL, Appellee.**

Court of Appeals of Kentucky.

June 1, 1984.

Ira D. Newman, Appalachian Research & Defense, Richmond, for appellant.

Jerry W. Gilbert, Richmond, for appellee.

Before COMBS, LESTER and REYNOLDS, JJ.

LESTER, Judge.

This is an appeal from a judgment of the Madison Circuit Court which upheld a district court decision finding appellant guilty of forcible detainer.

Appellant, Sandra Clay, began renting from the appellee several years ago, agreeing orally to pay $40 per month. Appellee testified at trial that appellant had missed payments on several occasions and that he had requested a number of times that appellant pay her back-rent. However, appellee never requested or demanded that Ms. Clay move out until notice of eviction was served upon her on February 8, 1983. On February 15, Ms. Clay was ordered to give immediate possession of the property to the landlord, Rodes Terrill.

There is no question that the appellee failed to give appellant one month's written notice to vacate the premises. The question is whether such notice is still required in light of the confusion surrounding the status of landlord-tenant law in Kentucky.

In 1974, the General Assembly enacted House Bill 125, entitled the Uniform Residential Landlord and Tenant Act (URLTA). When this bill was introduced, § 45 stated that KRS 383.140 and KRS 383.150 were repealed. KRS 383.140 required a landlord give at least 30 days written notice prior to terminating a month-to-month tenancy. KRS 383.695, in the new act, contained the same requirement; however, the entire act was made applicable, by amendment, to only Fayette and Jefferson Counties. The effect of this amendment was to repeal any notice requirement for the remaining 118 counties. The trial court, relying on official printed versions of the Revised Statutes, found that KRS 383.140 was repealed, and therefore held that appellee was not required to give formal written notice to appellant.

Many other lower courts have held differently, finding that KRS 383.140 was not repealed by the URLTA for the remaining counties not covered by the Act. Apparently, such rulings were based on the belief that the intent of the legislature was to enact the URLTA as a standard for the two major metropolitan counties, but to maintain the status quo in the remaining 118.

Because of these differing decisions in the lower courts as to the validity of KRS 383.140, we granted discretionary review in July of 1983. In October of that year, the Supreme Court affirmed this court in another case and held the entire URLTA unconstitutional as "special legislation" in contravention of Sections 59 and 60 of the Kentucky Constitution. *Miles v. Shauntee*, Ky., 664 S.W.2d 512 (1983).

Therefore, whether KRS 383.140 was repealed or not is no longer an issue, as the new Act, including the repealer section, is unconstitutional. An unconstitutional act is not an immunity; nor can it operate to supersede any existing valid law. *Chicago, I & L.R. Co. v. Hackett*, 228 U.S. 559, 33 S.Ct. 581, 57 L.Ed. 966 (1913).

The effect of an invalid law is to leave the law as it existed prior to the adoption of the new bill. 82 C.J.S. *Statutes* § 75 (1953). This is in accord with the great weight of authority and furthermore is consistent with the policy behind the creation of statutory landlord-tenant laws.

Pending some further action by the legislature, the original statute requiring 30 day written notice is still in effect. Mere non-payment of rent does not relieve the landlord of his obligation to follow the proper statutory requirements. As appellee failed to give appellant the required notice to vacate, the judgment must be reversed.

All concur.