Lesley D. SHINKLE, Appellant

v.

Bobby D. TURNER, Appellee

2015-SC-000039-DG

Supreme Court of Kentucky.

RENDERED: AUGUST 25, 2016

COUNSEL FOR APPELLANT: Glenda Harrison, Peter C. Nienaber, Legal Aid of the Bluegrass, 104 E Seventh Street, Covington, KY 41011.

COUNSEL FOR APPELLEE: Bobby D. Turner, 3053 Front Street, PO Box 108, Petersburg, KY 41080.

OPINION OF THE COURT BY
JUSTICE VENTERS

Appellant, Lesley D. Shinkle, appeals from the Boone Circuit Court's opinion and order affirming the judgment of the Boone District Court finding him guilty of forcible detainer with respect to property owned by Appellee, Bobby D. Turner. For the reasons stated below, we reverse the opinion of the Boone Circuit Court and vacate the forcible detainer judgment entered in the Boone District Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 2014, Landlord Bobby D. Turner provided his tenant, Lesley D. Shinkle, with written notice to vacate the premises. Eight days later, on February 18, 2014, Turner filed a forcible detainer complaint against Shinkle in the Boone District Court.[1] When the matter came before the district court on February 27, 2014, for the "inquisition" required by KRS 383.220, Shinkle moved to dismiss the complaint because Turner had failed to provide the one month's notice required by KRS 383.195 for terminating the tenancy.

In recognition of the statutory deficiency, the district court deferred its consideration of Shinkle's motion and continued the inquisition until March 13, thus allowing one month to elapse from the date Shinkle first received the written notice to vacate. In the interim, Shinkle filed a formal written motion to dismiss arguing that

---

1. Although the complaint shows that written notice was given just two days before the complaint was filed, the parties agree that the notice was actually provided eight days before the complaint was filed.

Turner had no statutory right to commence a forcible detainer action prior to the expiration of the one-month statutory notice provision. At the March 13 inquisition, the district court denied Shinkle's motion to dismiss, reasoning that the one month statutory notice period had by then been satisfied. The court entered its verdict and judgment finding Shinkle guilty of forcible detainer.

■ Shinkle appealed to the Boone Circuit Court, which affirmed the district court. The Court of Appeals denied Shinkle's motion for discretionary review. We granted discretionary review to consider whether the filing of a forcible detainer complaint prior to the expiration of the one month notice provision complies with the special statutory requirements for a forcible entry and detainer action. Being a question of statutory interpretation and a matter of law, we conduct a de novo review. *Pennyrile Allied Community Services, Inc. v. Rogers*, 459 S.W.3d 339, 342 (Ky.2015) (citation omitted).

## II. THE "PUBLIC INTEREST" EXCEPTION TO THE MOOTNESS DOCTRINE APPLIES HERE

■ We begin our review with the observation that during pendency of the appellate process, Shinkle vacated the premises. Arguably, the issue could be regarded as moot although Turner has not raised that issue. In fact, apparently content after regaining possession of his property, Turner has not filed responses to any of Shinkle's appellate pleadings. As we

noted in *Morgan v. Getter*, "The general rule is … that 'where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed.'" 441 S.W.3d 94, 99 (Ky. 2014) (citations omitted). As methodically explained in *Morgan*, we recognize and may apply a "public interest" exception to that general rule when the following three elements are present: (1) a question of law that is of a public nature; (2) a need for an authoritative determination for the future guidance of public officers; and (3) a likelihood of future recurrence of the question. *Id.* at 102.

All three of those are elements present in this matter. First, the proper and efficient application of the law pertaining to the special statutory proceeding for forcible entry and detainer is a matter of public interest. The general statutory scheme established for such proceedings, KRS 383.200-280, although re-codified from time to time, is at least a hundred years old and arguably is now ill-suited to the reality of modern landlord-tenant relations. Second, the statutory process for the adjudication of forcible entry and detainer cases is difficult to apply in the modern court system. The dearth of reported appellate opinions addressing those difficulties leaves our district courts to improvise on their own with little guidance from the appellate courts, leading to inconsistent application of the same statutory standards.[2] Third, the factual situation present-

2. This point is demonstrated by the inconsistent adaptations that different district court judges have developed relating to the very problem we address in this action. Some district courts have formally adopted local rules that seem to sanction the approach used in this action. For example, Hopkins District Court Rule 5, provides in pertinent part: "Proof of a written notice to terminate the tenancy is required and must be made 30

days *before the hearing*," (emphasis added), although apparently not requiring the notice 30 days before the filing of the action. Other district courts reject this approach. *See* Daviess District Court Rule 1002, which states: "[T]he tenant is to be provided thirty (30) days' notice *before the Forcible Detainer action can be filed....* [T]he filing of a forcible detainer complaint shall not be considered notice of eviction." (Emphasis added).

ed by this case is a recurrent event in modern life that very often arises under circumstances in which appellate review is highly unlikely. Consequently, we are satisfied that all three elements of the "public interest" exception to the mootness doctrine are present here, and our duty lies in resolving the issue for the benefit of those whose lives and property are affected by it.

## III. ANALYSIS

"The remedy of forcible entry and detainer was evolved from an English criminal proceeding and is not strictly a common law action. It is regarded as a statutory action at law to recover possession of real property ...." *McHugh v. Knippert*, 243 S.W.2d 654, 655 (Ky.1951). As a special statutory proceeding, KRS 383.200-285 governs the eviction process with its own unique procedural requirements which "shall prevail over any inconsistent procedures set forth in the Rules [of Civil Procedure]." CR 1; *See Baker v. Ryan*, 967 S.W.2d 591, 592 (Ky.App.1997)(Holding that "the [forcible entry and detainer] statutes set up an exclusive procedure, complete unto itself, which implicitly rules out discovery.")

Historically, causes of action to remedy a forcible entry or detainer were created by statute and exist today as a special statutory proceeding under KRS 383.200-285. Unlike their English antecedents, our statutes for forcible entry and detainer do not limit their application to instances in which actual physical force was used to enter upon land or to detain it against the rightful possessor.[3]

In Kentucky, a tenant is guilty of a forcible detainer when he refuses to vacate the premises *after* his right of possession has ended. KRS 383.200(a) provides: "A forcible detainer is ... [t]he refusal of a tenant to give possession to his landlord after the expiration of his term; or of a tenant at will[4] or by sufferance[5] to give possession to the landlord after the determination of his will."[6] For cases which, like the instant action, are unaffected by the Uniform Residential Landlord and Tenant Act,[7] KRS 383.195 prescribes the

**3.** *Chiles v. Stephens*, 10 Ky. 340, 345–346 (1821):

In this country our statute is not precisely the same as those of England, but it is more favorable to the possessor, and declares that every entry, whether with or without force, if it be made without the assent or against the will of the person having the possession in fact, shall be deemed a forcible entry .... The landlord can, no more than any other person, after the expiration of the lease, enter against the will of the tenant. If the tenant refuses to restore the possession, the act has furnished a remedy to the landlord; but in pursuing that remedy, he is not to be his own judge, but must refer his case to the tribunals of justice for decision. The landlord may have a title of entry, but his having such title gives him no right to enter upon the possession in fact of another against the will of the possessor; and there is nothing in the act which places his claim to redress himself by his own act on different footing from any other person having the right of entry; and if he should enter, must be subject to the same consequences of others making forcible entries.

**4.** "Possession of property and occupancy under an agreement for an indefinite term ordinarily creates a tenancy at will." *Morgan v. Morgan*, 309 Ky. 581, 218 S.W.2d 410, 411 (1949).

**5.** "A tenancy by sufferance exists where a person who has originally come into possession lawfully holds such possession after his right of occupancy is terminated." *Delph v. Bank of Harlan*, 292 Ky. 387, 166 S.W.2d 852, 853 (1942) (citations omitted).

**6.** The district court treated the tenancy at issue here as a tenancy at will or a tenancy by sufferance, and we discern no reason to conclude otherwise.

**7.** See KRS Chapter 383.500-383.715.

means by which a landlord must communicate the "determination of his will" to end the tenancy: a landlord may terminate "a tenancy at will or by sufferance [by] giving one (1) month's notice, in writing, to the tenant requiring him to remove." Therefore, by operation of KRS 383.195, Shinkle's tenancy and right of possession, did not terminate until one month after being notified to remove himself from the premises. It follows that he could not be guilty of forcible detainer until after his right of possession ended.

KRS 383.210(1) creates a statutory cause of action for "a person aggrieved by a forcible entry or detainer." To assert a valid claim for forcible detainer, the plaintiff must allege a current and immediate right to possession of the premises; otherwise, he is not "aggrieved by a forcible detainer." This principle is aptly reflected in the form published by the Administrative Office of the Courts for use in forcible entry and detainer proceedings.

Turner filed his complaint using "Forcible Detainer Complaint" form (AOC-216; Rev. 10-08). The preprinted portion of the form, which was sworn to by Turner, expressly stated: "[Turner] alleges [Shinkle] unlawfully and forcibly detain[s] the premises, and demand(s) possession of the premises be delivered to Plaintiff." The corresponding summons form (AOC-S-215; Rev 7-99), in turn, informed Shinkle that "[Turner] has filed a complaint ... claiming the Defendant [Shinkle] on the 18 day of February, 2014 forcibly detained, and now forcibly detains from [Turner] the above-described property which [Shinkle], tenant of [Turner], now holds against [Turner]."

These allegations were obviously inaccurate when made because Shinkle's one-month period to vacate had not yet expired, and thus his right of possession had not yet ended. Because Turner did not yet have the right to possession of the premises, he was manifestly *not* "a person aggrieved by a forcible entry or detainer." He had no statutory right at that time to commence the action asserting the claim.

■ A forcible detainer action focuses upon and determines which party is entitled to *present* possession of the property at the commencement of the action, not at some later date. *Bledsoe v. Leonhart,* 305 Ky. 707, 205 S.W.2d 483, 484 (1947) ("The question for decision was whether or not appellant was guilty of forcible detainer *at the time the [forcible detainer] warrant was issued.*") (emphasis added); *see Belcher v. Howard,* 212 Ky. 816, 280 S.W. 131, 131 (1926) ("On a warrant for forcible entry *the only question is the possession at the time the entry was made.*")(emphasis added); *Hall's Ex'rs v. Robinson,* 291 Ky. 631, 165 S.W.2d 163, 166 (1942) (Appellants clearly "had no right to maintain the [forcible detainer] action" where they failed to establish the right of possession.); *see also Engle v. Tennis Coal Co.,* 125 Ky. 239, 101 S.W. 309, 310 (1907)("[O]nly the naked right of possession is involved in the forcible detainer proceeding ....").[8]

Reading KRS 383.200(a) and KRS 383.195 together leads to the inescapable conclusion that a tenant, at will or by sufferance, lawfully retains possession of the premises until one month after the written notice to vacate. This one month period may aptly be regarded as a "grace period" imposed by the legislature to allow the tenant a continuing right of possession for up to one month while he makes alternate arrangements for sheltering himself, his dependents, and his personal belongings. Whether that period is reasonable or not is not for this Court to say; it was prescribed by the legislature, and we are

---

**8.** *Accord Chiles v. Stephens,* 10 Ky. 340, 345 (1821).

bound to accept it. Its effect is that a landlord cannot accurately or honestly state a claim for forcible detainer before the expiration of the tenant's right of possession at the end of that month.

■ By filing his forcible detainer complaint only eight days after giving Shinkle notice to vacate, Turner was claiming a right to immediate possession that he did not lawfully have. The statutory elements of a forcible detainer were not yet met since Turner had, at that time, no presently enforceable right of possession. "A cause of action does not exist until the conduct causes injury that produces loss or damage." *Abel v. Austin,* 411 S.W.3d 728, 736 (Ky.2013) (citation omitted). Because the complaint was filed before the stated cause of action accrued, the district court should have dismissed it; failure to do so was error.

Kentucky jurisprudence has over two hundred years of forcible entry and detainer law. Reversals of forcible detainer judgments for insufficient notice are not uncommon. *See Pack v. Feuchtenberger,* 232 Ky. 267, 22 S.W.2d 914, 917 (1929); *Goodwin v. Beutel,* 256 S.W.2d 532 (Ky.1953); *Clay v. Terrill,* 670 S.W.2d 492 (Ky.App. 1984). It is long settled that errors which involve the legal and relative rights of the parties cannot be tolerated. *See, e.g., Powers v. Sutherland,* 62 Ky. 151 (Ky.1864) and *Taylor v. Monohan,* 71 Ky. 238 (1871) (By not alleging the essential landlord-tenant relationship existed and disclosing an interest or right to the possession of the premises in the plaintiff, the warrant was fatally defective.); *Jobe v. Witten,* 305 Ky. 457, 204 S.W.2d 575, 576 (1947) ("In a forcible detainer proceeding the warrant ... should show that the defendants, tenants of the complainant, now hold against him.").

*Clay v. Terrill,* 670 S.W.2d 492 (Ky.App. 1984), decided by the Court of Appeals, is the most recent reported decision based upon insufficient notice. In *Clay,* instead of giving the tenant one month's written notice to vacate, the landlord demanded the tenant move out when the notice of eviction was served. *Id.* at 493. One week later, the trial court ordered the tenant to relinquish immediate possession of the premises to the landlord. The Court of Appeals reversed because the statutorily required one month notice to vacate was violated.

Subject to due process compliance or other constitutional constraints not present here, we are obliged to enforce the statutory provisions and procedures as they are written. Nevertheless, we cannot fail to note that the current statutory scheme for forcible entry and detainer as described above originated many, many decades ago and has arguably become ill-suited and impractical for application to modern property practices. The statutory procedure for the adjudication of forcible entry and detainer issues is ill-suited to the modern court system.

We understand the difficulty our district judges face in dealing with this antiquated statutory process. We understand the practical impediments it can impose upon landlords with a legitimate need to take possession of property that may deteriorate or be damaged during the one-month notice period. The courts, however, are not at liberty to circumvent or evade the statutory language by turning a blind eye to the statutory requirements for the sake of expedience. Consequently, we cannot sanction procedural improvisations such as the one employed here to mitigate the effect of the one-month notice provision.

As noted in *Pack v. Feuchtenberger.*
[t]he notice to quit is technical, and is well understood; it fixes a time at which the tenant is bound to quit, and the landlord has a right to enter, and a time at which the rent terminates. The rights of both parties are fixed by it, and are

dependent on it.... It is manifest, therefore, that when ... consequences depend upon the notice to be given, the notice should fix, with reasonable exactness, the time at which these consequences may begin to take effect.

22 S.W.2d at 917 (citations omitted). Deferring the statutory inquisition to "cure" the insufficient notice does not rectify the false allegation that the property was forcibly detained at the time the complaint was filed. Under the statutory procedure that he himself invoked, Turner had no cause of action when his complaint was filed. The district erred in failing to dismiss the complaint pursuant to Shinkle's motion.

### IV. CONCLUSION

As required by KRS 383.195, a landlord must give the tenant at least one month's written notice to vacate, and until that period expires, no forcible detainer is being committed. The complaint filed prior to the existence of the cause of action should have been dismissed pursuant to the motion properly raising the issue. Accordingly, we reverse the opinion and order of the Boone Circuit Court and we vacate the judgment of the Boone District Court.

All sitting. Minton, C.J.; Cunningham, Hughes, Noble, and Wright, JJ., concur. Keller, J., concurs in result only.