RENDERED: JULY 8, 2022; 10:00 A.M.
TO BE PUBLISHED

**ORDERED PUBLISHED: AUGUST 19, 2022; 10:00 A.M.**

# Commonwealth of Kentucky
# Court of Appeals

NO. 2021-CA-0501-DG

RICKY YOUNG AND SANDY
YOUNG                                                                    APPELLANTS

ON REVIEW FROM PULASKI CIRCUIT COURT
v.            HONORABLE TERESA WHITAKER, JUDGE
ACTION NO. 20-XX-00006

WILLIAM HOUSE AND PAULINE
HOUSE                                                                     APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: DIXON, MCNEILL, AND TAYLOR, JUDGES.

DIXON, JUDGE: Ricky and Sandy Young (collectively "the Youngs") appeal the

Pulaski Circuit Court's order affirming the judgment of the Pulaski District Court

finding them guilty of forcible detainer with respect to property owned by William

and Pauline House (collectively "the Houses"). After careful review of the brief,

record, and law, we reverse the opinion of the Pulaski Circuit Court and remand the matter to the Pulaski District Court for entry of an order vacating the judgment and dismissing the complaint.

## FACTS AND PROCEDURAL BACKGROUND

On September 8, 2020, the Houses filed a forcible detainer complaint against the Youngs. A hearing was held on September 22, 2020. Due to COVID-19 protocols, the Youngs were expected to attend remotely. Counsel for the Youngs called his clients as witnesses; however, after an unsuccessful attempt to reach them via the phone number provided in the record, the court denied counsel's request to make additional attempts, and they did not testify. Consequently, Pauline House was the sole witness, and the facts are not in dispute.

The Houses are the owners of the property at issue, and the Youngs have been their tenants for five years. After a prior lease expired, the Youngs rented the property month-to-month with rent payable between the 1st and 3rd of each month. There were no allegations of unpaid rent. Written notice to vacate within 30 days was provided to the Youngs on August 8, 2020, but they did not vacate the property. After the close of evidence, the court concluded that, contrary to the Youngs' assertion, the written notice to vacate was sufficient and adjudged the Youngs guilty of forcible detainer.

The Youngs appealed to the Pulaski Circuit Court arguing the Houses had provided insufficient notice. In its opinion affirming, the circuit court stated that the notice to vacate should have been provided on August 1, 2020, instead of August 8, in order to terminate the Youngs' lease on September 1, 2020. However, the court found that the matter was moot because it had been more than four months since the Houses demonstrated their intent to terminate the Youngs' tenancy, and "the main issue of contention in this case was always a lack of time – and not whether [the Houses] could terminate the tenancy[.]" We granted discretionary review.

## STANDARD OF REVIEW

As the Youngs' claims involve questions of law, our review is *de novo*. *Pennyrile Allied Cmty. Servs., Inc. v. Rogers*, 459 S.W.3d 339, 342 (Ky. 2015).

## ANALYSIS

As an initial consideration, because the Youngs vacated the premises following the denial of their direct appeal, we must determine whether this matter is moot. A matter is moot when the judgment sought "'cannot have any practical legal effect upon a *then* existing controversy.'" *Morgan v. Getter*, 441 S.W.3d 94, 99 (Ky. 2014) (citing *Benton v. Clay*, 192 Ky. 497, 500, 233 S.W. 1041, 1042 (1921)). Despite their relocation, the Youngs claim our review is proper given that

-3-

the forcible detainer judgment has collateral consequences – for instance, damaging their credit and negatively impacting their future ability to obtain housing, employment, and benefits. Alternatively, the Youngs argue that we should review the matter under the public interest exception to mootness and cite in support *Shinkle v. Turner*, 496 S.W.3d 418 (Ky. 2016), and *Phillips v. M & M Corbin Properties, LLC*, 593 S.W.3d 525 (Ky. App. 2020). While the Youngs' assertion of collateral consequences may have merit, we hold that the public interest exception applies.

To meet the public interest exception, a litigant must clearly show that: "(1) the question presented is of a public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question." *Morgan*, 441 S.W.3d at 102 (citation omitted). The Supreme Court of Kentucky has previously concluded that "the proper and efficient application of the law pertaining to the special statutory proceeding for forcible entry and detainer is a matter of public interest[,]" satisfying the first criteria. *Shinkle*, 496 S.W.3d at 420. Additionally, as there is no appellate guidance concerning the notice provision at issue herein, and given the import of notice in the proper execution of these ever-prevalent causes of action, we likewise conclude that the remaining criteria have been established. Accordingly, we shall review the merits of the Youngs' arguments.

The Youngs contend the court erred in affirming the judgment of guilt where: (1) due to improper notice, the Houses did not have the right of immediate possession at the time they filed their complaint, and (2) the Youngs were denied due process by the court's refusal to make a second attempt to obtain their testimony. Because we agree that the underlying action should be dismissed for the Houses' failure to provide adequate notice, as we will detail below, we do not reach the merits of the Youngs' due process claim.

Forcible detainer is a special statutory proceeding which deals exclusively with the present right of possession of real property and is governed by KRS[1] 383.200-285. *Shinkle*, 496 S.W.3d at 421-22. "In Kentucky, a tenant is guilty of a forcible detainer when he refuses to vacate the premises *after* his right of possession has ended." *Id*. at 421; KRS 383.200(3)(a). Under the Uniform Residential Landlord and Tenant Act (URLTA),[2] codified at KRS 383.500-705, a month-to-month tenant's right to possession may be terminated by the landlord or the tenant giving written notice to the other "at least thirty (30) days before the periodic rental date specified in the notice." KRS 383.695(2). A tenant can only

---

[1] Kentucky Revised Statutes.

[2] In accordance with KRS 383.500, URLTA was enacted without amendment by Pulaski County, Ky., Ordinance No. 120.1 (Aug. 10, 1993), and is, therefore, controlling in this matter. For clarity, we will refer to KRS instead of the parallel ordinance citations.

be guilty of forcible detainer if he or she remains after the notice period has expired. *Shinkle*, 496 S.W.3d at 424.

Though the proper application of KRS 383.695(2) is a matter of first impression, the plain meaning of the statute controls. *Executive Branch Ethics Comm'n v. Stephens*, 92 S.W.3d 69, 73 (Ky. 2002). KRS 383.695(2) requires not only that notice be provided 30 days in advance but also mandates that it occur wholly prior to a specified periodic rental date.[3][4] Applying KRS 383.695(2), for the Houses to obtain the right of immediate possession to the property, as required by KRS 383.200(3)(a) to sustain their September 8, 2020, complaint, notice must have been given 30 days prior to September 1, 2020, the closest periodic rental date.[5] As the evidence conclusively demonstrates that notice was provided only 23 days in advance of September 1, 2020, the district court's conclusion that the Youngs were afforded sufficient notice is erroneous.

Lastly, we must determine whether the circuit court, which agreed that the notice was improper, was correct that the subsequent passage of time cured the

---

[3] *See also* RESTATEMENT (SECOND) OF PROPERTY, LAND. & TEN. § 1.5 cmt. f (1977); 3A ROBERT A. KEATS, Ky. Prac. Real Estate Transactions § 26:11 (2021).

[4] In contrast, as detailed in *Shinkle*, in cases in which URLTA does not apply, one month's notice, with no constraints on when in the rental period it must be given, is all that is required by KRS 383.195.

[5] KRS 383.565(2) establishes that the beginning of the month is the default periodic rental date unless the parties agree otherwise.

deficiency. As the Kentucky Supreme Court in *Shinkle*, 496 S.W.3d 418, decisively rejected the concept of curing, we conclude the court erred.

In *Shinkle*, the Court denounced the lower court's attempt to cure the premature filing of a forcible detainer complaint by delaying its finding of guilt until after the proper time for notice had expired. *Id.* at 423-24. In so holding, the Court emphasized that, "[a] forcible detainer action focuses upon and determines which party is entitled to *present* possession of the property at the commencement of the action, not at some later date." *Id.* at 422 (citations omitted). Herein, while the circuit court did not expressly attempt to circumvent the applicable notice requirements, its conclusion that the matter is moot has the same practical effect. Noncompliant notices are considered invalid and cannot serve to terminate a tenant's right of possession. *Pack v. Feuchtenberger*, 232 Ky. 267, 22 S.W.2d 914 (1929). Absent proper notice to the Youngs, the Houses' forcible detainer complaint necessarily fails for want of a cause of action and should be dismissed. *Shinkle*, 496 S.W.3d at 423; *Clay v. Terrill*, 670 S.W.2d 492 (Ky. App. 1984).

## CONCLUSION

Therefore, and for the forgoing reasons, the opinion of the Pulaski Circuit Court is REVERSED and the matter is REMANDED to the Pulaski District Court for entry of an order vacating the forcible detainer judgment and dismissing the underlying action.

ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEES.

James Fahringer
Somerset, Kentucky

Evan B. Smith
Prestonsburg, Kentucky