RENDERED: DECEMBER 6, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0109-MR

JAMIE YOUNT                                 APPELLANT

v.
APPEAL FROM WHITLEY CIRCUIT COURT
HONORABLE DANIEL BALLOU, JUDGE
ACTION NO. 23-CI-00428

RONALD CANADA; BRIAN
YOUNT; LOUISE YOUNT;
WHITLEY COUNTY SHERIFF,
WILLIAM ELLIOTTE;
WHITLEY COUNTY DEPUTY
SHERIFF TIM BAKER; AND
WHITLEY COUNTY DEPUTY
SHERIFF WAYNE BIRD                             APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND KAREM, JUDGES.

KAREM, JUDGE: Jamie Yount appeals from a Whitley Circuit Court order

denying her motion to recuse and dismissing her complaint against the appellees:

Ronald Canada; Brian and Louise Yount; the Whitley County Sheriff, William Elliotte; and two of his deputies, Tim Baker, and Wayne Bird. Yount's home was foreclosed on and sold. She argues that she was thereafter a tenant by sufferance and that Canada, with the assistance of the Whitley County appellees, unlawfully dispossessed her. Because Yount was provided with adequate notice of the sale and the writ of possession, we affirm.

In 2000, Jamie Yount and her husband, Keith, purchased a house and real property in Williamsburg, Kentucky ("the Property"). They financed the Property with a mortgage. After Keith passed away in 2021, Yount stopped making mortgage payments. On September 7, 2022, the mortgagee, The Bank of New York Mellon ("the Bank"), filed a foreclosure action in Whitley Circuit Court. Yount was personally served with notice the following day, but she did not respond in any way. On October 21, 2022, the Bank filed a motion for judgment and sale. On November 7, 2022, the circuit court entered a default judgment and order of sale. On December 2, 2022, the Master Commissioner sold the Property at auction. The Bank purchased the Property for $43,334 and on June 14, 2023, a copy of the deed was filed in the Whitley County Clerk's office.

Because Yount had continued to reside at the Property throughout this period, the Bank filed a motion for a writ of possession on July 19, 2023. Yount was served with the motion but made no response. On August 4, 2023, while the

motion for the writ was pending, the Bank sold the Property to Ronald Canada for $48,500. On August 9, 2023, the circuit court granted the motion and issued the writ of possession, which gave Yount and any unknown occupants of the Property seven days to immediately vacate the premises and remove their personal belongings, or the Sheriff would place the Bank in possession of the Property.

On August 24, 2003, Whitley County Deputy Sheriff Tim Baker served the writ of possession and Yount was warned not to return to the Property. At 10:13 p.m., however, Canada contacted the police to tell them that Yount remained at the house. Deputy Wayne Bird returned to the Property where he found Yount outside the house moving her possessions. He arrested her for criminal trespass in the third degree.

Yount thereafter filed suit against the Whitley County Sheriff, William Elliotte, and the Whitley County Deputy Sheriffs, Tim Baker and Wayne Bird, and Ronald Canada. She also named as defendants her late husband's brother, Brian Yount, and his wife, Louise, who live on a neighboring property. She alleged that they assisted Canada in taking possession of the Property and removed some of her personal property. As to the Whitley County defendants, she claimed she was a "tenant by sufferance" under Kentucky Revised Statutes ("KRS") 383.185 and that Deputy Baker, acting at the urging of Canada, unlawfully forced her to vacate the property with an invalid court order. As to

-3-

Deputy Bird, she alleged that he acted without lawful authority in arresting her and was guilty of false imprisonment. She alleged that Sheriff Elliotte was vicariously liable for the acts of his deputies based upon the doctrine of respondeat superior.

The Whitley County defendants filed a motion to dismiss which Canada later joined. Following a hearing, the circuit court entered an order denying Yount's motion to recuse. The court held that the deputies were acting within their powers in serving the writ of possession and had no duty to challenge its validity. The court further found that the deputies had probable cause to arrest and remove Yount from the property. After noting that Yount had not opposed the foreclosure action and sale but remained on the property for several weeks, the trial court granted the motion to dismiss as to all the defendants. This appeal by Yount followed.

## STANDARD OF REVIEW

When, as in this case, the circuit court relies on matters outside the pleadings, the claim is converted from a motion to dismiss into a motion for summary judgment. *D.F. Bailey, Inc. v. GRW Engineers, Inc.*, 350 S.W.3d 818, 820-21 (Ky. App. 2011) (citing *McCray v. City of Lake Louisvilla*, 332 S.W.2d 837, 840 (Ky. 1960); Kentucky Rules of Civil Procedure ("CR") 12.02).

In reviewing a grant of summary judgment, our inquiry focuses on "whether the trial court correctly found that there were no genuine issues as to any

material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); CR 56.03. The trial court is required to view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "[A] party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* at 482. "Not every issue of fact or conflicting inference presents a genuine issue of material fact that requires denial of a summary judgment motion." *Grass v. Akins*, 368 S.W.3d 150, 153 (Ky. App. 2012). "An appellate court need not defer to the trial court's decision on summary judgment and will review the issue *de novo* because only legal questions and no factual findings are involved." *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004).

## ANALYSIS

Yount argues that the writ of possession obtained by the Bank had no legal effect on any issue in her case. She argues that because Canada was not a party to the foreclosure, no actionable issues could have arisen between her and Canada until after he acquired title to the property. She contends that because the writ of possession pertained only to the Bank, it conferred no right on Canada and

-5-

provided no legal justification for her summary removal from the Property. She concedes that once Canada acquired title to the Property, he acquired the right to possession, but argues that she was a tenant by sufferance and consequently entitled to a one-month grace period before she had to move.

A tenancy by sufferance is defined in our case law as occurring when "a person who has originally come into possession lawfully holds such possession after his right of occupancy is terminated." *Shinkle v. Turner*, 496 S.W.3d 418, 424 n. 5 (Ky. 2016) (citations omitted) (quoting *Delph v. Bank of Harlan,* 292 Ky. 387, 166 S.W.2d 852, 853 (1942)). Of particular relevance to Yount's case, "there is authority in Kentucky that one who remains on the property after a judicial or like sale is a tenant at sufferance[.]" *Emmons v. Madden*, 781 S.W.2d 529, 531 (Ky. App. 1989) (citing *Terry v. Henry*, 274 Ky. 778, 120 S.W.2d 404 (1938)).

Assuming Yount was a tenant by sufferance, how could her tenancy be terminated? KRS 383.195 provides: "In those jurisdictions where the Uniform Residential Landlord and Tenant Act [URLTA] is not in effect, a tenancy at will or by sufferance may be terminated by the landlord giving one (1) month's notice, in writing, to the tenant requiring him to remove." KRS 383.195. Only four counties in the Commonwealth have adopted URLTA, and Whitley County is not one of them.

Yount received notice of the foreclosure and sale proceedings and of the Bank's motion for a writ. She was personally served with a summons in the Bank's foreclosure action on September 7, 2022. The record of the foreclosure proceedings shows she was served with the Bank's motion for judgment and order of sale on October 21, 2022. She was served with the Bank's motion for a writ of possession on July 19, 2023. The sheriff served the writ on August 24, 2023, well over thirty days later. The issue is whether KRS 383.195 required Canada, upon acquiring title to the Property on August 4, 2023, to provide Yount with one month's written notice in addition to the notice she had already received from the Bank. We hold that it did not.

The one-month period established in KRS 383.195 functions as "a 'grace period' imposed by the legislature to allow the tenant a continuing right of possession for up to one month while he makes alternate arrangements for sheltering himself, his dependents, and his personal belongings." *Shinkle*, 496 S.W.3d at 422. Yount was afforded this statutorily created opportunity to make alternate arrangements after receiving notice the Bank was seeking a writ of possession. The fact that Canada purchased the Property during this period does not alter the fact that Yount had been placed on one month's notice that her tenancy by sufferance would end.

Furthermore, there is no evidence, nor does Yount claim, that she held a sincere belief that she had any right to remain on the property. This distinction was drawn almost one hundred years ago in *Parker v. Smith*, 211 Ky. 624, 277 S.W. 986 (1925). In that case, Parker entered into a contract to rent a store building for one year. He remained in the building after the expiration of the one-year term and continued as a tenant by sufferance for over a year. The landlord successfully sued to recover double rent and attorney's fees and Kentucky's then-highest court affirmed the judgment. It noted that Parker's answer and evidence showed "he did not think he had any right to remain" on the property "but did believe the plaintiff had not taken the proper steps to put him out." *Id*. at 987. It contrasted Parker's situation with a series of cases in which a tenant remained on the property "under an honest belief that he had a contract right to remain." *Id*. The Court held that Parker's argument, which challenged the procedure rather than the right of the landlord to put him out, was not a defense to the action. *Id*.

Similarly, Yount challenges the procedure by which she was dispossessed of the Property but does not deny the wrongfulness of her possession of the Property. By definition, "[a]ll tenancies by sufferance are wrongful. . . . A tenancy at sufferance arises where one comes into possession of land by a lawful title otherwise than by act of law, and occupies it thereafter without any right or title at all. A tenant by sufferance is one who entered rightfully, his right has

expired, and he is holding wrongfully." *Id.* at 986. Yount does not deny that she received notice of the Bank's motion for a writ and order of possession. She did not file a response to the motion, implicitly conceding that her ongoing possession of the Property was wrongful. The writ was served more than one month later. Yount received adequate notice for purposes of KRS 383.195 and there is no evidence that she held a good faith belief she had any right to remain after the notice period elapsed.

Next, Yount argues that the Whitley County defendants are not entitled to qualified official immunity. She contends that Deputy Baker should be held accountable for placing the Property into the hands of Canada rather than the Bank, as the writ required, or for unlawfully serving a writ that placed Canada in possession of premises that the writ directed should be placed in the possession of the Bank. Essentially, she contends that Deputy Baker had a duty to challenge the legal basis of the writ of possession entered by the circuit court.

Qualified official immunity shields only "the negligent performance by a public officer or employee of (1) discretionary acts or functions, *i.e.*, those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment . . . ; (2) in good faith; and (3) within the scope of the employee's authority[.]" *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001) (citations omitted). "[A]t their core, discretionary acts are those involving quasi-

-9-

judicial or policy-making decisions." *Marson v. Thomason*, 438 S.W.3d 292, 297 (Ky. 2014). Immunity is provided for discretionary acts because the "courts should not be called upon to pass judgment on policy decisions made by members of coordinate branches of government in the context of tort actions, because such actions furnish an inadequate crucible for testing the merits of social, political or economic policy." *Yanero*, 65 S.W.3d at 519.

By contrast, immunity from tort liability is not afforded to government officials "for the negligent performance of a ministerial act." *Patton v. Bickford*, 529 S.W.3d 717, 724 (Ky. 2016), *as modified on denial of rehearing* (Aug. 24, 2017). "[A] duty is ministerial 'when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts.'" *Id.* (citation omitted). "[A] government official performing a ministerial duty does so without particular concern for his own judgment; . . . the act is ministerial 'if the employee has no choice but to do the act.'" *Id.* (citations omitted).

Deputy Baker's duty to serve the writ of possession was plainly ministerial, rather than discretionary. He was not acting in a policy-making role, nor was he required to exercise discretion or personal judgment in deciding to serve the writ. Consequently, he is not afforded qualified official immunity. But there is no evidence that he performed his ministerial duty in a negligent manner.

We look for guidance to an unpublished opinion of this Court which addressed a similar issue involving a police officer's service of an incorrect arrest warrant. In *Creech v. Shouse*, No. 2014-CA-001731-MR, 2016 WL 837136 (Ky. App. Mar. 4, 2016), Creech and her son were arrested after counterfeit bills were found in their vehicle. The grand jury did not return an indictment against Creech after the arresting officer testified there was no evidence she knew the bills were counterfeit. Due to a clerical error, however, an indictment against her was prepared and she was arrested pursuant to a warrant. She filed suit against the arresting officers. The Court held that "the execution of a warrant is a ministerial function for which there is no immunity for negligent performance or nonperformance." *Id.* at *5. There was no evidence in the record that the arresting officers "participated in any manner in the preparation of the indictment or arrest warrant, or even that they were aware a mistake had occurred." *Id*. at *6. "The law enforcement appellees' duty was to execute the arrest warrant and incarcerate Creech thereupon. They did exactly that and the record herein is devoid of any evidence that any of them acted in a negligent manner in carrying out their duties." *Id*. at *5. The Court agreed with the circuit court that "[i]t would be a heavy burden on police officers to go behind the face of every indictment . . . to see if the Grand Jury really meant to have each individual indicted. Such would be an impossible burden placed on law enforcement, and although in this instance, it

-11-

would have been better for [Creech], it simply is not a workable solution." *Id.*

Similarly, there is nothing in the record to suggest that Deputy Baker was negligent in his service of the writ of possession on Yount. Expecting the deputy to evaluate the validity of the content of the writ of possession, to assess its legal implication, and to question whether it was legally binding would be imposing a burden beyond the scope of his duty to serve the writ. In *Dugger v. Off 2nd, Inc.*, 612 S.W.2d 756 (Ky. App. 1980), our then-highest court addressed whether police officers who served an arrest warrant that had been issued bearing the wrong name should be afforded immunity from liability. It stated:

> Police officers must have some immunity from liability when they are carrying out the duties of their office. The arrest was made pursuant to a warrant which, at worst, was latently defective.
>
> An officer is protected and justified in executing process fair on its face that is, process that is issued by a court . . . is legal in form, and contains nothing to notify or fairly apprise the officer that it is issued without authority.

*Dugger*, 601 S.W.2d at 757 (citations omitted). There is no indication that the writ contained anything to cause Deputy Baker to question the validity of the writ, the court's authority to issue the writ, or to question whether Canada, as the Bank's successor, was entitled to ask the Sheriff's department to enforce the writ. Yount's argument would have required Deputy Baker to assess the legal validity of the

-12-

contents of the writ, a task beyond the duty of his office. As a matter of law, he was not negligent in carrying out his duties.

Yount also argues that Deputy Bird is not protected by any form of immunity because he lacked probable cause to arrest her on a charge of third-degree trespass. KRS 511.080(1) provides "[a] person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises." KRS 511.090 provides that "[a] person 'enters or remains unlawfully' in or upon premises when he is not privileged or licensed to do so." *Howard v. Spradlin*, 562 S.W.3d 281, 285 (Ky. App. 2018). She contends that because she was rightfully on the property as a tenant by sufferance, she could not have been trespassing.

Yount's argument is without merit because she was not rightfully on the Property. A tenancy by sufferance is inherently wrongful and she remained unlawfully on the premises upon the expiration of the notice provided under KRS 383.185.

## CONCLUSION

Yount makes no specific arguments addressing the liability of the Sheriff of Whitley County, William Elliotte, or Brian and Louise Yount. Consequently, the Whitley Circuit Court's order is affirmed in full as to all the appellees.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Larry E. Conley
Corbin, Kentucky

BRIEF FOR APPELLEE RONALD
CANADA:

Amanda L. Hill
Corbin, Kentucky

BRIEF FOR WHITLEY COUNTY
APPELLEES:

Jason E. Williams
John F. Kelley, Jr.
London, Kentucky